**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3851
_____

DARYL COOK,
                    Appellant

v.

CITY OF PHILADELPHIA; AMANDA C. SHOFFEL;
JACQUELINE F. ALLEN; MOTION CLERK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-00331)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 18, 2021
Before:  JORDAN, MATEY, and NYGAARD, Circuit Judges

(Opinion filed March 1, 2021)
_____

OPINION[*]
_____

PER CURIAM

Appellant Daryl Cook appeals from the District Court's dismissal of his complaint

against the City of Philadelphia, attorney Amanda Shoffel, Judge Jacqueline Allen, and an

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

unnamed motions clerk.[1]  For the reasons that follow, we will affirm the District Court's judgment.

In 2010, Cook was convicted in the Philadelphia Court of Common Pleas of third-degree murder and sentenced to 20-40 years in prison.  He filed a civil complaint in 2012 in that same court against the City of Philadelphia and several officers involved in his arrest and prosecution, alleging that he was arrested without probable cause and was beaten and threatened into making self-incriminating statements.  In 2015, Cook agreed to settle all claims in exchange for $2,500.  When the defendants mailed him a release form, he refused to sign it.  He eventually signed it after the court granted the defendants' motion to enforce the settlement agreement.  See Cook v. City of Phila., No. 2304 C.D. 2015, 2016 WL 6938451, at *1-4 (Pa. Commw. Ct. Nov. 28, 2016).

Thereafter, Cook filed a motion to strike the settlement agreement.  He asserted that a 2014 order vacating a default judgment against the defendants was void because he did not receive a copy of the petition to open the default judgment and the trial court never issued a rule to show cause why the default judgment should not be opened.  He also claimed that he was not served with a copy of the defendants' motion to enforce the settlement agreement.  The trial court denied the motion and the Commonwealth Court affirmed.  See id. at *3-4.

---

[1] Because we write primarily for the benefit of the parties, we have stated only those facts which are necessary for the analysis.

In 2017, Cook filed a federal complaint alleging fraud, misrepresentation, conspiracy, and collusion to deny due process under 42 U.S.C. §§ 1983 and 1985 based on the defendants' conduct during the 2012 civil lawsuit. He claimed that Shoffel, an attorney involved in the 2012 civil lawsuit, committed fraud and misrepresentation by failing to properly serve numerous filings and asserting that she had the authority to make a settlement offer when she, according to Cook, did not. Cook also alleged that the defendants conspired against him when the trial judge failed to issue a rule to show cause before vacating the default judgment against the defendants and failed to afford Cook a hearing on his motion to strike the settlement agreement. The District Court granted the City's and Judge Allen's motions to dismiss, reasoning that the claims against the City were res judicata and that the claims against the trial judge were barred on the grounds of judicial immunity. The District Court later granted Shoffel's motion for summary judgment because, among other things, Cook's claims were barred by the Rooker-Feldman doctrine. After Cook's motion to alter or amend the judgment under Rule 59(e) was denied, he timely appealed.

We have jurisdiction under 28 U.S.C. § 1291[2] and exercise plenary review over the District Court's rulings. See Davis v. Samuels, 962 F.3d 105, 111 n.2 (3d Cir. 2020);

---

[2] We are satisfied that the Rooker Feldman doctrine does not preclude our exercise of jurisdiction over this matter. The doctrine prevents us from exercising jurisdiction over appeals where, among other things, the plaintiff complains of injuries *caused by* a state court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Cook's claims are based on the defendants' conduct during the court proceeding and are wholly separate from the judgment itself. See Great W. Mining & Min. Co. v.

3

Tundo v. County of Passaic, 923 F.3d 283, 286 (3d Cir. 2019). To state a claim, a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm on any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

Upon de novo review of the record, Cook's claims fail. We agree with the District Court that any claims arising from the trial court's vacatur of the default judgment—or any procedural defect allegedly committed by the trial court prior to settlement—are barred by the settlement agreement. In open court, Shoffel offered Cook $2,500 to "settle all claims." Cook accepted and agreed to a "total settlement of the civil lawsuit." The agreement, which Cook eventually signed, states that he released the defendants from all liability arising from the incident surrounding his arrest and prosecution.[3] He cannot now, without any credible claims of fraud, duress, or mutual mistake, claim that the trial court erred by vacating the

_____

Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010) ("[W]hen the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court.").

[3] Cook asserts that he was not aware of the terms of the settlement agreement and that he thought the defendants were admitting liability. However, he signed an agreement clearly stating that the settlement was "not to be construed in any court whatsoever, or otherwise, as an admission of liability on the part of [the defendants]."

4

default judgment and allowing the settlement to move forward. See McDonnell v. Ford Motor Co., 643 A.2d 1102, 1106 (Pa. Super. Ct. 1994).

Though Cook claims that Shoffel "misrepresented" that she had the authority to enter a settlement agreement, he has provided no reason to doubt that Shoffel, as a representative of the defendants in the case, had the authority to propose a settlement agreement on their behalf. In addition, his claims of fraud upon the Court are meritless. The "fraud" he alleges appears to be that Shoffel did not attach a rule to show cause to her motion to vacate the default judgment and failed to serve certain court filings on him. This apparent error does not satisfy the high showing required for fraud upon the court. See Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005) (noting "[i]n order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court" and further concluding that a determination of fraud upon the court may be justified only by "egregious misconduct" (footnote omitted)).

Finally, the District Court properly dismissed the claims against Judge Allen as she acted within her judicial capacity at all relevant times and is protected by absolute judicial immunity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

Accordingly, we will affirm the judgment of the District Court.[4]  Cook's "Motion to Strike Appellees' Brief and/or Enter Judgment By Default" is denied.

---

[4] The District Court acted within its discretion in denying Cook's Rule 59(e) motion for reconsideration because he did not raise "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).