CLD-139                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3035
_____

WILLIAM C. FLETCHER, JR.,
                                             Appellant

v.

DEPARTMENT OF CORRECTIONS; CONNECTIONS CSP
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-00669)
District Judge:  Honorable Maryellen Noreika
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 1, 2021

Before: RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 13, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant William Fletcher, Jr., an inmate proceeding pro se, filed a civil rights and medical negligence complaint against the Delaware Department of Corrections and the prison's healthcare provider. For the reasons that follow, we will summarily affirm the judgment of the District Court.

Fletcher claims that he was approached by a counselor at the prison's selective substance abuse program, who asked if Fletcher would assist him in setting up an interview at a car dealership at which Fletcher was formerly employed.[1] Fletcher set up the interview, and after the counselor was interviewed, he was not immediately offered a job. Fletcher contends that the counselor then orchestrated a plan to have Fletcher removed from the substance abuse program. Fletcher was removed from the program and, after Fletcher filed a grievance and wrote a letter to the warden, the substance abuse counselor's employment at the prison was terminated.

After this incident, Fletcher claims that he received substandard medical care at the prison in retaliation for filing a grievance, which violated his constitutional rights and constituted medical negligence. Specifically, he claims that (1) his mental health has been neglected; (2) he had strep throat and pneumonia, which went untreated for over a month; (3) there were repeated delays in the receipt of eyeglasses; (4) he has skin cancer but the medical provider refused to provide a biopsy; (5) medical personnel asked him to assist in

---

[1] Because we write primarily for the benefit of the parties, we have stated only those facts which are pertinent to the discussion.

drawing his own blood; and (6) his asthma medication is often misplaced and he did not receive an asthma treatment at one point when he believed he needed one.

The District Court dismissed all claims against the Department of Corrections under 28 U.S.C. § 1915(e)(2)(B) because the state is immune under the Eleventh Amendment. After denying the healthcare provider's motion to dismiss and allowing discovery to proceed, the District Court granted summary judgment in favor of the healthcare provider because some of Fletcher's claims were unexhausted and others meritless. Fletcher timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's rulings. See Tundo v. Cnty. of Passaic, 923 F.3d 283, 286 (3d Cir. 2019); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To state a claim, a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Summary judgment is then appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

As an initial matter, Fletcher did not exhaust his claims regarding the treatment of his skin cancer and strep throat/pneumonia. The Prison Litigation Reform Act requires that prisoners and pretrial detainees exhaust all available administrative remedies before bringing their claims to federal court. 42 U.S.C. § 1997e(a) & (h); Woodford v. Ngo, 548

U.S. 81, 85 (2006). At the relevant time, Delaware maintained a three-step grievance process for medical grievances. First, the prisoner attempted an informal resolution with a site administrator. If the issue remained unresolved, the prisoner appealed to a medical grievance committee. Finally, the prisoner appealed to a grievance officer, who would recommend a disposition of the case to the bureau chief. See Wood v. Russell, 255 F. Supp. 3d 498, 508 (D. Del. 2017) (quoting Del. Dept. of Corr. Policy No. A-11 (2004)). The undisputed evidence shows that Fletcher filed initial grievances about his skin cancer treatment and strep throat/pneumonia treatments but did not appeal the denial of those grievances to the grievance committee or bureau chief. Thus, those claims are not properly exhausted and the District Court did not err in dismissing them. See Woodford, 548 U.S. at 93.

On the merits, Fletcher's remaining claims fail. The healthcare provider cannot be held responsible for the actions of its employees under a theory of respondeat superior or vicarious liability. Rather, we must look for an official policy, practice, or custom of the healthcare provider that caused Fletcher's alleged constitutional injuries. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Fletcher was required to demonstrate that an official with final decision-making authority had "issued an official proclamation, policy, or edict," or "that a course of conduct, though not authorized by law, was so permanent and well settled as to virtually constitute law." Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 761 (3d Cir. 2019) (alteration, internal citation omitted).

4

There is no evidence in the record suggesting that the prison healthcare provider maintained any policy, practice, or custom that could have caused the alleged inadequate care (as to the exhausted claims) or retaliation against Fletcher.[2]  To the contrary, the evidence shows that Fletcher complains of conduct that was "ad hoc . . . without reference to any formal administrative or policy channels"—which is insufficient to establish Monell liability.  McTernan v. City of York, 564 F.3d 636, 659 (3d Cir. 2009).  The District Court therefore properly granted judgment to the defendant on these claims.

Finally, the District Court properly dismissed the Department of Corrections because it is immune under the Eleventh Amendment from this § 1983 action, see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981), and correctly dismissed Fletcher's medical negligence claims because he did not submit an affidavit of merit as is required by Delaware state law, see Del. Code Ann. tit. 18, § 6853; Green v. Weiner, 766 A.2d 492, 494-95 (Del. 2001).

Accordingly, we will affirm the judgment of the District Court.

---

[2] It is unclear from the record whether Fletcher's medical claims arose before or after he was sentenced, which would determine whether they are governed by the Due Process Clause or the Eighth Amendment.  See Wharton v. Danberg, 854 F.3d 234, 247 (3d Cir. 2017).  Regardless, our conclusion is the same as Fletcher was required to identify a policy, practice, or custom that caused his alleged constitutional injuries, which he cannot do.  See id.

5