**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 20-1251

GREGORY SHERRILL,
Appellant

v.

CITY OF HOBOKEN; MAYOR DAWN ZIMMER; JOHN MORGAN; HECTOR
MOJICO; TIA BRYANT; MELISSA LONGO; JOHN TOOKE; MICHAEL KORMAN;
QUENTIN WIEST; KIMBERLEY WILSON; NITA RAVAL; JOHN DOE 1-10, Who
are fictitiously named because their true identities are unknown; ALYSIA WALSH,
(PROKO)

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2:16-cv-03092)
District Judge: Hon. Esther Salas

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 23, 2021

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Opinion filed: September 30, 2021)

OPINION*

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

MATEY, *Circuit Judge*.

Gregory Sherrill believes he suffered abuse and retaliation at his job. He filed suit, but after six amended complaints, the District Court dismissed the matter because he failed to plead facts sufficient to state a claim. We agree and will affirm.

## I. BACKGROUND

Sherrill worked for the city of Hoboken where, he claims, one of his colleagues made hostile comments. Sherrill shared his concerns with his supervisor, who took no action. Sherrill then reported the matter to the city's Affirmative Action Officer. That same day, Sherrill's supervisor advised him the City received a complaint about Sherrill—that he struck a woman's hand with his vehicle while on the job—and that a disciplinary investigation would follow. A hearing on the complaint against Sherrill led to his termination.

Sherrill then sued Hoboken and several city employees in state court, and the defendants removed the action. After six amended complaints ("Complaint"),[1] the District Court granted the defendants' motion to dismiss Sherrill's federal claims for failure to state a claim. Sherrill timely appealed.[2]

---

[1] We note the District Court's patient efforts working with the parties to ensure all understood the necessary elements of Sherrill's legal claims.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over an order granting a motion to dismiss with prejudice. *Jaroslawicz v. M&T Bank Corp.*, 962 F.3d 701, 708 (3d Cir. 2020).

## II. DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We agree with the District Court's conclusion that the Complaint does not.

### A. Fourteenth Amendment Claims

Sherrill claims that 1) his termination deprived him of property without due process; 2) his termination denied him equal protection of the laws; and 3) he enjoys a substantive property interest in his public position, and he was deprived of it in violation of 42 U.S.C. §§ 1983 and 1985(3).

#### 1. Procedural Due Process

A plaintiff alleging a violation of procedural due process must establish the loss of a protected property interest without adequate process. *Schmidt v. Creedon*, 639 F.3d 587, 595 (3d Cir. 2011). At-will employees do not enjoy a protected property interest in their job. *Thomas v. Town of Hammonton*, 351 F.3d 108, 113 (3d Cir. 2003). And in New Jersey, all employment is presumed to be at-will "unless an agreement exists that provides otherwise," *Wade v. Kessler Inst.*, 798 A.2d 1251, 1258 (N.J. 2002) (citation omitted), or a statute, regulation, or policy explicitly creates a protected interest in the employment, *Tundo v. Cnty. of Passaic*, 923 F.3d 283, 287 (3d Cir. 2019).

Sherrill has not plausibly alleged that either of these exceptions to the at-will presumption apply. He notes that he is party to a collective bargaining agreement, but he does not allege that creates a protected interest in his job. *See Sanguigni v. Pittsburgh Bd.*

3

*of Pub. Educ.*, 968 F.2d 393, 401 (3d Cir. 1992). Similarly, Sherrill says "state regulations" entitle him to continued employment, but he does not point to any supporting authority. So his "[t]hreadbare" allegation that he enjoyed a protected property interest in his Hoboken job is only "supported by mere conclusory statements," and the District Court properly dismissed this claim. *Iqbal*, 556 U.S. at 678.

2.      Equal Protection

Sherrill's § 1983 claim alleging violations of the Fourteenth Amendment's Equal Protection Clause suffers the same flaw. To state a claim, he "must prove the existence of purposeful discrimination" and "demonstrate . . . different treatment from that received by other individuals similarly situated." *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009) (citation omitted). That requires an allegation that persons who were "similarly situated," or "alike in all relevant aspects" but lacking the protected traits, were treated differently. *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (cleaned up).

Sherrill does not allege any facts that allow that inference because he does not point to any individuals subjected to different treatment. Indeed, we cannot infer that he was treated differently *at all*, let alone that he was treated differently *because of* a protected classification. The District Court correctly dismissed this claim.

3.      Substantive Due Process

Sherrill's substantive due process claim restates his other Fourteenth Amendment allegations. But when a right is protected by the Constitution's written text, plaintiffs cannot use "the rubric of substantive due process" as a bypass. *Cnty. of Sacramento v.*

4

*Lewis*, 523 U.S. 833, 843 (1998) (cleaned up); *accord Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260–61 (3d Cir. 2010) (applying the "more-specific-provision rule" to bar a substantive due process claim). While retaliation can support its own § 1983 claim,[3] there is no similar constitutional right. *See Miller ex rel. MM v. Mitchell*, 598 F.3d 139, 148 & n.9 (3d Cir. 2010). Sherrill gets this backwards. He alleges that his Fourteenth Amendment rights were violated because he was retaliated against, but the law requires him instead to allege that he exercised a constitutional right when filing his complaint and that he suffered retaliation as a result. That is fatal to the claim.

**B.      *Monell* Liability**

Sherrill's municipal liability claim against Hoboken under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), is also deficient. Municipalities are only liable for the unconstitutional acts of their employees when "a plaintiff demonstrates that the violation of rights was caused by the municipality's policy or custom." *Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020) (cleaned up). And "there must still be a violation of the plaintiff's constitutional rights" for a *Monell* claim to proceed. *Id.* at 403 n.13 (cleaned up). Sherrill's alleged constitutional violations all fail to state a claim. So he cannot have alleged a plausible *Monell* claim, and the District Court was correct to dismiss the claim.

---

[3] While the Constitution lacks such a clause, Title VII contains an explicit "antiretaliation" provision that "prohibits an employer from 'discriminat[ing] against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII" or made a complaint under Title VII. *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 56 (2006) (alteration in original) (quoting 42 U.S.C. § 2000e-3(a)).

## C.    Conspiracy Claims

Sherrill's final federal claim[4] alleges a conspiracy to violate his rights contrary to 42 U.S.C. § 1985(3). That claim requires "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . ; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983)). The first element requires allegations of a conspiracy that are "based in fact" and not "merely upon [the plaintiff's] own suspicion and speculation." *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991). And to satisfy the second element, "mere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." *L.R. ex rel. D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992) (en banc) (cleaned up).

Sherrill's Complaint fails to meet either. His allegations of conspiracy are grounded in conclusory statements that can only be described as "threadbare recitals of the elements" of the cause of action, detailing these Defendants' interrelated responsibilities and Sherrill's suspicions of foul motive. *Iqbal*, 556 U.S. at 678. Beyond his personal conjecture, there are no facts sufficient to allege a conspiracy.

---

[4] Sherrill does not appeal the District Court's decision not to exercise its supplemental jurisdiction and to remand his state law claims to state court.

**III. Conclusion**

For these reasons, we will affirm the District Court's decision dismissing the Complaint's federal claims with prejudice and remanding the state law claims to state court.