**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1460
_____

CLAUDIO TUNDO; JAMES RACANELLI; RUBEN
GILGORRI

v.

COUNTY OF PASSAIC; PASSAIC COUNTY
SHERIFF JERRY SPEZIALE;
WARDEN CHARLES MYERS

Claudio Tundo; Ruben Gilgorri,
                              Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:09-cv-05062)
District Judge: Honorable Esther Salas
_____

Submitted under Third Circuit LAR 34.1(a)
on January 23, 2019
Before: CHAGARES and BIBAS, *Circuit Judges*, and
SÁNCHEZ,* *Chief District Judge*

(Filed:  May 2, 2019)
_____

Mark B. Frost, Esq.
Ryan M. Lockman, Esq.
Mark B. Frost & Associates
1515 Market Street
Suite 1300
Philadelphia, PA 19102
        *Counsel for Appellants*


Albert C. Buglione, Esq.
Buglione Hutton & DeYoe
401 Hamburg Turnpike
Suite 206
Wayne, NJ 07474
        *Counsel for Appellees County of Passaic and Warden*
        *Charles Myers*

_____

* The Honorable Juan R. Sánchez, Chief District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Donald S. DeDio, Esq.
Dwyer Connell & Lisbona
100 Passaic Avenue
Third Floor
Fairfield, NJ 07004
    *Counsel for Appellee Passaic County Sheriff Jerry Speziale*

————————————

OPINION OF THE COURT

————————————

BIBAS, *Circuit Judge*.

A chance at a job is not a right to it. When the government has broad discretion to take a benefit away from its employees, that benefit is not a constitutionally protected property interest. New Jersey's Civil Service Commission offered Claudio Tundo and Ruben Gilgorri such a benefit. After they were laid off from their jobs as corrections officers, the Commission put them on its rehire lists so they could be considered for rehiring. But it had broad discretion to take them off those lists, and it later did.

Tundo and Gilgorri reasonably expected that they would stay on these lists forever. But the Commission has many ways to take anyone off its lists. And it neither promised that they would stay on the lists nor constrained its discretion to remove them. Because there was no mutually explicit understanding that they would stay on the lists, Tundo and Gilgorri had no protected property interest in doing so. We will affirm.

3

## I. BACKGROUND

### A. New Jersey's civil-service regulations

The New Jersey Administrative Code sets the rules and procedures for rehiring former employees. N.J. Admin. Code §4A:4-4.8 (2019). And the Code empowers the Commission to handle various civil-service employment matters. It lets the Commission set up different categories of rehire lists of former employees. *Id.* §§4A:4-3.4(a)(4), 4A:4-5.5(b). Employees on the "special" rehire list get considered for employment ahead of those on other rehire lists. *Id.* §§4A:4-3.7(a)(1), 4A:8-2.3(b)(1). And they "shall be placed" on that list "for an unlimited duration." *Id.* §4A:8-2.3(c).

But the Commission can remove employees from all types of lists—special or not—for many reasons. These include the obvious reasons, like having a criminal record, refusing to accept reappointment, or not following the instructions for staying on the lists. *Id.* §4A:4-4.7(a)(3)-(4), (6). The Commission can also take employees off the lists for "[l]ack[ing] the job requirements," being "physically or psychologically unfit" for the job, having bad employment history, or any "[*o*]*ther sufficient reasons*." *Id.* §4A:4-6.1(a)(1), (3), (7), (9) (emphasis added); *accord id.* §4A:4-4.7(a)(1). Finally, it can remove employees for "[*o*]*ther valid reasons* as determined by the [Commission]." *Id.* §4A:4-4.7(a)(1), (11) (emphasis added).

### B. Facts

The Passaic County Sheriff's Office hired Tundo and Gilgorri as corrections officers on a trial basis. But they were poor

4

employees: they were often absent from work and were reprimanded many times for insubordination and incompetence. So they were fired as part of a mass layoff even before they had completed their twelve-month trial period.

But that was not the end of their road. Less than six months later, Passaic County needed more employees. So it asked the Commission to create lists of former officers whom it might rehire. And the Commission included both Tundo and Gilgorri on the lists.

The parties dispute what type of list they were on: Tundo and Gilgorri claim that the Commission put them on "special" rehire lists. But Passaic County argues that the Commission labeled those lists as "revived" lists—not special lists. App. 925-26. New Jersey law supports Passaic County's reading: it allows only former "permanent employee[s]" to be on a special list. N.J. Admin. Code §4A:8-2.3(a). The two were never permanent employees.

Either way, Passaic County and the Commission soon found themselves at odds. After the Commission issued its rehire lists, Passaic County tried to remove Tundo and Gilgorri from the lists based on their work and disciplinary history. But the Commission blocked this attempt and restored Tundo and Gilgorri to the eligible list. And it ordered Passaic County to place them in "a new 12-month working test period." App. 952.

Passaic County then offered to rehire the two and asked them to complete a re-employment application. This application asked them to agree not to sue Passaic County. But they

5

did not like this, so they refused to complete the application. The Commission then removed them from the list.

They responded with this lawsuit. The District Court eventually disposed of all their claims, including a Section 1983 procedural-due-process claim. *Tundo v. Passaic Cty.*, No. 09-5062, 2018 WL 734663, at *10 (D.N.J. Feb. 6, 2018). They appeal the grant of summary judgment against them only on that claim, contesting the court's holding that they did not have a protected property interest in staying on the rehire list. So on appeal, just one issue remains: do former civil-service employees in New Jersey have a property interest protected by the Fourteenth Amendment in staying on rehire lists?

## C. Standard of review

We review a district court's grant of summary judgment de novo. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). A district court properly grants summary judgment if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We "view the facts in the light most favorable to the non-moving party and [draw] all reasonable inferences in that party's favor." *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006).

## II. TUNDO AND GILGORRI HAVE NO PROTECTED PROPERTY INTEREST IN STAYING ON THE REHIRE LISTS

On appeal, Tundo and Gilgorri argue that they had a protected property interest in staying on the rehire lists. But former employees have no constitutionally protected property interest

6

in a benefit if the government has broad discretion to deny that benefit, unless it constrains that discretion. This is true even if the former employees had a reasonable expectation that the benefit would not disappear. Here, the Commission had significant discretion to take former employees off its rehire lists, and it never suggested that it would constrain itself. So it did not create a protected property interest.

## A. A protected property interest requires a mutually explicit understanding, not just a reasonable expectation

The Fourteenth Amendment forbids deprivations of an individual's "property, without due process of law." U.S. Const. amend. XIV, §1; *see Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (property interest in public employment). A protected property interest can spring from state statutes, regulations, policies, or other sources that establish "a mutually explicit understanding between a government employer and an employee" that the employee is entitled to the property. *Carter v. City of Philadelphia*, 989 F.2d 117, 120 (3d Cir. 1993). It can also arise from the "circumstances of … service." *Perry v. Sindermann*, 408 U.S. 593, 602 (1972).

An employee claiming a protected property interest in a particular benefit must have "a legitimate claim of entitlement to" that benefit. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). That requires more than just an "abstract need or desire for" or a "unilateral expectation of" the benefit. *Id.* Even an employee's reasonable expectation of the benefit is not enough. *Leis v. Flynt*, 439 U.S. 438, 443 (1979) (per curiam). Any understanding must be mutual: the government and

7

the employee must *both* clearly expect that the employee has some entitlement to the benefit. *Id.*

And an employee has no protected interest in a benefit if the government has ample discretion to deny that benefit. *See Anderson v. City of Philadelphia*, 845 F.2d 1216, 1221 (3d Cir. 1988). This discretion need not be absolute. It just has to be enough that there is no mutually explicit understanding that the benefit will continue.

We recognize a protected interest in a benefit, for example, if the government can withhold it only "for cause." *See Richardson v. Felix*, 856 F.2d 505, 511 (3d Cir. 1988) (continued employment); *accord Sonnleitner v. York*, 304 F.3d 704, 711 (7th Cir. 2002) (demotion). The same is true if the government promises a benefit without leaving any room to wiggle out of its promise. *See Stana v. Sch. Dist. of Pittsburgh*, 775 F.2d 122, 126-27 (3d Cir. 1985).

But we recognize no such interest if the government has broad discretion to terminate a benefit. So an employee has no protected interest if the government can fire an employee at will. *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005). The same is true if the government has "broad discretion" not to hire candidates "'based on job-related criteria'" and "'standards established by the [government].'" *Anderson*, 845 F.2d at 1221 & n.4 (quoting 4 Pa. Code §97.16). And when the scope of the government's discretion is at best ambiguous, that is "too slender a reed to support the weight of a constitutional right." *McKinney v. Univ. of Pittsburgh*, 915 F.3d 956, 963 (3d Cir. 2019).

8

**B. There is no property interest here because the Commission had broad discretion to take employees off its rehire lists**

Here, the Commission has similarly broad discretion to remove former employees from its rehire lists. For example, it can take former employees off its rehire lists for lacking job requirements or for any "[o]ther sufficient reasons." N.J. Admin. Code §4A:4-6.1(a)(1), (9); *see id.* §4A:4-4.7(a)(1). And it can remove them for "[o]ther valid reasons as determined by the [Commission]." *Id.* §4A:4-4.7(a)(11).

True, these catchall provisions demand that the reasons be "sufficient" or "valid," and those qualifiers may suggest that the Commission's discretion is not absolute. But in effect, the government can take former employees off rehire lists if it does not want to hire them. And the Code lets the Commission set the standards for removing them. We found that a similar regulation in *Anderson* gave Pennsylvania agencies broad enough discretion. 845 F.2d at 1221 & n.4 (citing 4 Pa. Code §97.16).

At the very least, the scope of this discretion is too ambiguous to create a constitutionally protected interest. Tundo and Gilgorri bore the burden of resolving any ambiguity and convincing us that they and the Commission both understood that they would stay on the lists. *McKinney*, 915 F.3d at 962. They failed to meet this burden.

And the Commission and New Jersey courts agree with us. Acknowledging its broad discretion to remove individuals from its lists, the Commission emphasized that being on the

rehire list "simply provides [applicants] with another *opportunity* for employment." App. 948. The New Jersey Supreme Court similarly found that "[n]o right accrues to a candidate whose name is placed on" a rehire list. *In re Foglio*, 22 A.3d 958, 961 (N.J. 2011). Being on a list gives the benefit of consideration for employment over others not on the list only "*so long as that list remains in force*." *Id.* at 962 (quoting *In re Crowley*, 473 A.2d 90, 97 (N.J. Super. Ct. App. Div. 1984)) (emphasis added). But that is far from a vested property interest.

No other source creates a protected interest here. Tundo and Gilgorri point to no policy or practice that entitles them to remain on the rehire lists. *See Perry*, 408 U.S. at 601-02. And neither Passaic County nor the Commission communicated to them that they would not be removed from these lists. So they have shown no protected property interest in remaining on these lists.

### C. *Stana* is not to the contrary

Tundo and Gilgorri rely heavily on *Stana* to support their claimed property interest. But they misapply that case here. In *Stana*, a teacher brought a Section 1983 claim for being removed from a hire list without notice or due process. 775 F.2d at 124-25. We recognized the teacher's property interest in remaining on the list because her school district had an explicit policy of keeping teachers on the lists for two to four years. *Id.* at 126. And a school official had told her that she would stay on the list for four years. *Id.*

10

Tundo and Gilgorri argue that this case is like *Stana*. They claim that, because they were on the special rehire lists, New Jersey promised to consider rehiring them "for an unlimited duration." N.J. Admin. Code §4A:8-2.3(c). And they claim that this promise, like the school district's in *Stana*, created a protected interest in staying on the rehire lists.

But they miss the mark. Even if we assume that they were on the special rehire lists, the Commission could have removed them for the same reasons that it could have removed them from other lists. As mentioned, the Commission has broad discretion to remove anyone from its lists. The school district in *Stana* did not. The only way the school district could have removed Stana from its hire list was if she failed to provide information about her present status. *Stana*, 775 F.2d at 124. And unlike in *Stana*, the Commission made no representation to Tundo and Gilgorri that limited its discretion.

Even if Tundo's and Gilgorri's expectation of a property interest in the rehire lists were reasonable, it would have been unilateral. The Commission promised them no permanent placement on the rehire lists. And it retained broad discretion to remove them. A promise that can be revoked at any time for almost any reason is no promise at all. So they had no protected property interest in remaining on the rehire lists.

**D. Absent a property interest, the other due-process considerations are irrelevant**

Tundo and Gilgorri spill much ink complaining that they received no notice of removal or opportunity to be heard. But whether they received due process matters only if they had a

11

constitutionally protected interest. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). We hold here that they did not.

And they explain at great length that their conduct did not meet any of the criteria for removal. But these considerations are also irrelevant. A plaintiff first has to show a protected interest before he can dispute the government's power to deny it. A protected interest could attach to a benefit no matter how improperly an employee behaved. But good behavior does not itself create a protected interest. Here, their conduct was relevant only to whether they met any of the valid criteria for removal under New Jersey's Code. That question is not before us.

\* \* \* \* \*

There can be no mutually explicit understanding to create a protected property interest in a benefit if the government has broad discretion to deny that benefit. This is true even if an employee unilaterally and reasonably expects to keep this benefit indefinitely. There is no genuine dispute about whether Tundo and Gilgorri had a cognizable property interest in staying on the rehire list. They did not, so we will affirm.

12