**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————————

No. 22-3289
———————————

ALLISON M. OVERCASH,
                                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
———————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:21-cv-01140)
Magistrate Judge: Honorable Mary Pat Thynge
———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 14, 2023

Before: JORDAN, BIBAS, and PORTER, *Circuit Judges*

(Filed: October 2, 2023)
———————————

OPINION*
———————————

BIBAS, *Circuit Judge*.

   Courts defer to agencies' findings of fact. Allison Overcash asks us to disregard this

deference and reject the Social Security Administration's finding that, despite her monthly

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

migraines, she could work. But because the agency's finding rested on substantial evidence, we will affirm.

Overcash, a lawyer, gave birth to twins and stopped working in 2011. She started suffering from various ailments, including monthly migraines. She kept a headache log, showing that the migraines left her bedridden for a few days each month. Yet when she applied for Social Security disability benefits, the agency denied them.

At a hearing, Overcash testified to symptoms like those in her log. But the administrative law judge found that her migraines were not disabling. The judge cited her "consistent, conservative treatment regimen" as evidence that her migraines were "stable." App. 33. And she discounted Overcash's headache log, finding that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." App. 31. So despite the migraines, the administrative judge found that Overcash could still work.

The Social Security Appeals Council denied review, and Overcash sought judicial review. The District Court granted summary judgment against her, ruling that the administrative judge's findings rested on substantial evidence. She now appeals.

We review the District Court's grant of summary judgment de novo and the agency's factual findings for substantial evidence. 42 U.S.C. §405(g); *Tundo v. County of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019). Though substantial evidence is "more than a mere scintilla," it requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)

(internal quotation marks omitted). And if substantial evidence supports a factual finding, that finding is "conclusive." § 405(g).

A person is disabled if medical impairments prevent her, for at least a year, from "do[ing] any substantial gainful activity." 20 C.F.R. § 404.1505(a). Overcash contests the agency's finding only on the last step of its five-step test for disability: that her migraines do not prevent her from "adjust[ing] to other work." § 404.1520(a)(4)(v). She says she cannot work because she would have to miss workdays every month.

But substantial evidence supports the agency's finding that her migraines were not so severe. On top of Tylenol with codeine, she was prescribed two other migraine medicines to take "if needed." App. 142, 155. Yet she took neither. And the administrative judge cited her "stable medication regimen" as evidence that her limitations were at most mild or moderate. App. 36.

Plus, the judge reasonably doubted Overcash's headache log and testimony. The judge inferred that her symptoms were less "intens[e], persisten[t], and limiting" than she claimed. App. 31. For instance, she jotted down a severe migraine lasting nearly two full days in September 2016. And she testified to being "very, very sick that [first] day" and "so nauseous" that she "couldn't eat anything." App. 206. Yet when she visited a doctor that same day, she never mentioned a headache or gastrointestinal distress. She also logged migraines throughout the fall of 2016 that lasted far longer than the ones she reported to her doctor at the time. As Overcash herself concedes, this pattern of inconsistency "is, frankly, a fair point." Reply Br. 4.

3

All this proof amounts to substantial evidence that Overcash's migraines did not prevent her from working. And that is all the law requires. Because the administrative judge's factual findings rested on substantial evidence, we will affirm.