**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2307
_____

HERBERT RIFKIN,
              Appellant

v.

FITNESS INTERNATIONAL, LLC,
doing business as LA FITNESS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cv-05686)
Magistrate Judge: Honorable Lynne A. Sitarski
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 11, 2023

Before: BIBAS, PORTER, and FREEMAN, *Circuit Judges*

(Filed: December 12, 2023)
_____

OPINION*
_____

BIBAS, *Circuit Judge.*

Just because someone slipped and fell does not mean that the property owner is liable.

Herbert Rifkin went to an LA Fitness gym and walked into the men's locker room. As he

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

tried to open the door to the shower area, he slipped on an unknown liquid, twisting his knee and banging his head against the lockers as he fell. He sued the gym for negligently making the locker room unsafe, failing to keep it safe, and failing to warn him that it was unsafe.

Both sides consented to let a magistrate judge hear the case. After discovery, the District Court granted summary judgment for the gym, finding not enough evidence to show that the gym either created or had notice of the slipperiness that caused Rifkin's fall. He now appeals. We review the District Court's grant of summary judgment de novo. *Tundo v. County of Passaic*, 923 F.3d 283, 286 (3d Cir. 2019).

The court got it right. Rifkin introduced no evidence of what the slippery substance was, who put it there, how long it was there, or how often people slipped there. Under Pennsylvania law, one cannot assume without further evidence that a gym must have known of such conditions. *Toro v. Fitness Int'l, LLC*, 150 A.3d 968, 976–78 (Pa. Super. Ct. 2016). "[T]he mere presence of the foreign substance does not establish whether it had been there a few seconds, a few minutes, a few hours or even a few days before the accident." *David ex rel. Berkeley v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230, 234 (3d Cir. 1984).

Plus, the gym put in uncontradicted evidence that it had posted permanent "Wet Floor" signs in the locker room before the accident. True, when he moved to reconsider, Rifkin relied on a couple of photos of an entryway without signs. But his argument came too late and without any foundation.

2

Finally, Rifkin suggests that the gym was negligent in removing mats from the locker-room area or not installing smaller, grippier tiles. But that is not enough. Under Pennsylvania law, the mere failure to install floor mats or the like is not negligent unless the gym knows or should know that the floor is dangerous or that people tend to slip on it. *Toro*, 150 A.3d at 977–78. Rifkin failed to show that it did.

And even if he had, Rifkin slipped not in the shower area (where slick floors might be expected), but on a liquid in the typically dry locker-room area. He put in no evidence that the gym knew the liquid was there. Because he offered no proof that the gym was negligent, we will affirm.