**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-3447
_____

ROBERT GARDNER,
               Appellant

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:20-cv-06045)
District Judge: Honorable John R. Padova
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 14, 2023

Before: BIBAS, PORTER, and FISHER, *Circuit Judges*

(Filed:  February 15, 2024)
_____

OPINION*
_____

**BIBAS**, *Circuit Judge*.

Employees who claim discrimination or retaliation must complain promptly. Robert

Gardner did not. So we will affirm the District Court's dismissal.

---

\*  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

Gardner worked as a control-center manager for buses for the Southeastern Pennsylvania Transportation Authority. He suffers from post-traumatic stress disorder, depression, and light sensitivity. So he asked for a modified workstation, which the Authority gave him. Gardner then asked to use that modified workstation for overtime work. On March 24, 2019, the Authority denied that request. As a result, over the next three months, Gardner missed out on overtime. Yet he did not file an administrative charge to challenge this denial until January 21, 2020—303 days later.

Gardner also repeatedly applied to transfer from managing buses to managing light-rail trains. In January 2019, the Authority rejected his application and instead picked a woman with fifteen more years' experience. Still, Gardner placed well in the candidate pool and became next in line to fill an opening to manage light-rail trains. But his hopes were dashed when, in October 2019, he learned that the Authority had decided to let the candidate pool expire before filling the opening. Gardner did not challenge that decision by filing an administrative charge until a year later.

In August 2020, he again applied to manage light-rail trains and interviewed for an opening. But the Authority voided its search and started over. Though it offered Gardner an interview the next time around, he declined. So the Authority picked another man for the job.

Gardner now sues the Authority. He says it discriminated against him based on his disabilities and retaliated against him based on past complaints by denying him a modified workstation for overtime work and denying his transfer applications. He claims all these actions amount to disability discrimination and retaliation under the Americans with

Disabilities Act, 42 U.S.C. §§ 12101–12213, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951–963. He also challenges the August 2020 denial of a transfer as sex discrimination and retaliation barred by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17.

The District Court dismissed Gardner's 2019 claims about overtime and retaliation as untimely and his August 2020 retaliation claims as not plausibly pleading causation. It later granted summary judgment against the rest of his claims, finding that the other 2019 claims were time-barred and his other August 2020 claims lacked an adverse employment action.

Gardner now appeals. We review the District Court's dismissal and summary judgment de novo, drawing all plausible factual inferences in favor of Gardner. *Tundo v. County of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019); *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010).

Gardner's 2019 claims come too late. Before suing for discrimination or retaliation, a plaintiff must first file an administrative charge within 180 or 300 days of the challenged action. 43 Pa. Cons. Stat. § 959(h) (PHRA); 42 U.S.C. § 2000e-5(e)(1) (ADA & Title VII). Yet Gardner did not file his charges until more than 300 days later.

He tries to rescue his failure-to-accommodate claim by citing the Lilly Ledbetter Fair Pay Act, which makes each paycheck actionable separately. 42 U.S.C. § 2000e-5(e)(3)(A). But that law applies only to "discrimination in compensation," not failures to accommodate. *Id.* Because that exception does not apply, this claim is untimely. *See Noel v. Boeing Co.*, 622 F.3d 266, 275 (3d Cir. 2010) ("[D]iscrete employment acts trigger the administrative clock at the time the employment decisions occur.").

Gardner also asks us to treat his October 2019 claim (challenging a supervisor's decision to let the applicant pool expire) as not accruing until December 2019 (when the pool ultimately expired). But he cites no authority on point. Worse still, those four pages of his brief, recycled almost verbatim from an earlier brief, have nothing to do with this claim. *Compare* Appellant's Br. 25–29, *with* Appellant's Br. 24–29, *Gardner v. SEPTA*, No. 19-3608 (3d Cir. filed Mar. 2, 2020). All counsel did was add one new paragraph, cut two sentences, make some minor tweaks, and cut a transitional phrase while forgetting to capitalize the start of a new sentence. That section of the brief, in this context, is frivolous. We warn appellant's counsel that, the next time he sloppily copies and pastes inapt text, we will hold him liable for damages. *See* Fed. R. App. P. 38.

As for the August 2020 claims, the Authority did not pick someone else out of the applicant pool. It canceled the results and invited Gardner to interview again, but he declined. That do-over is not an adverse employment action, and he cites no authority for treating it as one. *Cf. Tundo*, 923 F.3d at 285 (being kept on a list for preferential hiring is not a protected property interest).

Because Gardner did not challenge the 2019 actions promptly and has shown neither an adverse action nor causation in August 2020, we will affirm.