**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2234
_____

THOMAS YERANSIAN, in his capacity as the representative
of holders of certain contingent value rights under the
Contingent Value Rights Agreement dated October 15, 2010,

Appellant

v.

MARKEL GROUP INC., a Virginia corporation*

*(Amended per Clerk Order dated September 22, 2023)
_____

On Appeal from the United States District Court for the District of Delaware
(D.C. Civ. No. 1-16-cv-00808; D.C. Civ. No. 1-16-cv-01041;
D.C. Civ. No. 1-18-cv-01777; and D.C. Civ. No. 1-20-cv-00762)
District Judge: Gregory B. Williams
_____

Submitted under Third Circuit L.A.R. 34.1(a)
April 30, 2024
_____

Before: KRAUSE, CHUNG, and RENDELL, *Circuit Judges.*

(Filed: June 11, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RENDELL, *Circuit Judge*.

Appellant Thomas Yeransian, a former shareholder of Aspen Holdings, Inc. and representative for such shareholders, sued Appellee Markel Group, Inc. for claims arising out of Markel's purchase of Aspen. Because Yeransian acts as the representative for the former shareholders, all of his actions discussed herein are on behalf of the former shareholders. To complete its purchase, Markel paid Yeransian and other shareholders with a combination of cash and deferred compensation. When Yeransian elected for the former shareholders to receive their deferred compensation, however, Markel refused to pay. Yeransian sued. Later, an arbitration panel determined that Markel owed them over $22 million, which Markel paid. Still, Yeransian claimed that they were owed additional interest and damages for other claims including breach of contract, fraud, and intentional torts. Markel moved for summary judgment and the District Court consolidated the various open cases between the parties and granted summary judgment to Markel as to Yeransian's remaining claims because the agreement ("CVR Agreement") between the parties provided that binding arbitration would resolve any valuation-based controversy relating to the payment of deferred compensation. We will affirm.[1]

---

[1]     The District Court had jurisdiction under 28 U.S.C. § 1332. This Court has jurisdiction under 28 U.S.C. § 1291.

We review a district court's decision to grant or deny summary judgment *de novo*. *Tundo v. Cnty. of Passaic*, 923 F.3d 283, 286 (3d Cir. 2019). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it can "affect the outcome" of a proceeding. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there is a genuine dispute of material fact, a court must view all evidence in the light most favorable to, and draw all reasonable inferences

Yeransian's arguments on appeal are based on the notion that, notwithstanding his success in contractually mandated arbitration proceedings, he has additional claims based on other theories of recovery. The District Court rejected that argument in a thorough and well-reasoned opinion.

The District Court noted that the crux of Yeransian's argument centers on certain terms in the CVR Agreement and held that Yeransian's interpretation of the terms was contrary to the plain, unambiguous language of the contract. In the District Court's view, under the CVR Agreement, the arbitrators' "final determination eliminate[d] the need for any further inquiry into Markel's calculations." App. 31. And the District Court concluded that the arbitration and payment based on the award "fully resolve[d] all issues between the parties" including all valuation-focused breach of contract claims. App. 31-32. Thus, the District Court ruled that "Yeransian is collaterally estopped . . . from re-litigating whether Markel accurately calculated the CVRs' value or used the correct process in doing so . . . ." App. 32. The District Court also rejected the notion that certain provisions of the CVR Agreement gave Yeransian the right to default interest in addition to the principal award and interest paid in connection with the arbitration. Finally, the District Court noted that the discovery sought by Yeransian regarding Markel's intent was irrelevant, and it easily disposed of Yeransian's remaining claims.[2]

---

in favor of, the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[2]     Among other things, the District Court concluded that resolution of the dispute between the parties over the value of the deferred compensation due under the CVR Agreement mooted Yeransian's various declaratory judgment counts. Yeransian's claims

On appeal, Yeransian has focused on matters of contract construction. Contract construction is a question of law, which we review de novo. *Wayne Land & Mineral Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 528 (3d Cir. 2018). Notwithstanding this generous standard of review, we can find no error in the District Court's view that the CVR Agreement's terms were clear and unambiguous, and it did not err in its conclusion that the arbitration award effectively resolved the issues between the parties and mooted the case before it. Whether a matter of mootness or collateral estoppel, summary judgment was properly granted. Moreover, discovery would have been of no avail. There were no material facts in dispute.

Accordingly, we will affirm.

---

for an accounting—an equitable remedy—and his claim for breach of fiduciary duty were precluded by his claim for breach of contract, a legal claim. And as the parties were bound by the CVR Agreement, his negligent misrepresentation and fraud claims were barred by the economic loss doctrine.