**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3239

_____

CITADEL WELLWOOD URBAN RENEWAL LLC,
                                                                                Appellant

v.

BOROUGH OF MERCHANTVILLE; EDWARD F. BRENNAN;
ANTHONY J. PERNO, III; DANIEL J. SPERRAZZA;
ANDREW O. MCCLOONE; DENISE BROUSE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:21-cv-16700)
District Judge: Honorable Noel L. Hillman (Ret.)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 11, 2024

Before: BIBAS, FREEMAN, and ROTH, *Circuit Judges*

(Filed: September 16, 2024)

_____

OPINION[*]

_____

---

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Litigants usually get only one bite at the apple. A property developer sues a town (technically, a borough) on a host of grounds, but some were already rejected in state court and the rest are meritless. So we will affirm the District Court's summary judgment for the town.

Citadel agreed to redevelop an affordable housing project in Merchantville, New Jersey. In exchange, the town gave the developer a partial exemption from property taxes. Later, the developer tried to sell the project, but the town refused to transfer the tax benefit to the buyer. The developer sued the town in state court to force it to transfer the tax benefit.

State courts rejected most of the developer's claims. They held that the developer had no contractual right or protected property right to transfer the tax benefit. But they did rule for the developer that the town could not rest on its informal, arbitrary decision to deny the transfer. In response, the town issued a decision formally denying the developer's request. The developer then rehashed some of these claims and added new ones in federal court.

The District Court granted summary judgment for the town on all claims; we review de novo the ones before us on appeal. *Tundo v. County of Passaic*, 923 F.3d 283, 286 (3d Cir. 2019).

Issue preclusion bars the developer's procedural-due-process claims. The state court held that the developer had no protected property right. Though the town forfeited this preclusion defense by failing to raise it, we choose to resurrect it "[o]ut of concern for judicial economy and respect for the conclusions reached by [an]other court[] considering the same issues." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009).

2

The developer's new claims fare no better. It offers scant proof that the town violated equal protection, substantive due process, or good faith and fair dealing by acting out of anti-Semitism or treating the developer worse than another similarly situated entity. *Renchenski v. Williams*, 622 F.3d 315, 337–38 (3d Cir. 2010). Nor did the town breach a state-law requirement of fundamental fairness, a doctrine applied "sparingly" when the government acts "arbitrarily." *In re Cong. Dists. by N.J. Redistricting Comm'n,* 268 A.3d 299, 307 (N.J. 2022). After the state-court decisions and further deliberation, the town complied and officially denied the transfer request. In a four-page resolution, it explained that transferring the tax benefit "would not be in the best interest of the citizens of the Borough of Merchantville." App. 431. The developer cites no authority requiring anything more, and we are not aware of any. For similar reasons, the town's second denial did not violate the implied covenant of good faith and fair dealing. Nor did it breach the terms of the parties' agreements.

Finally, because there is no constitutional violation, we need not address qualified immunity. So we will affirm the District Court's summary judgment for the town.