NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1563

_____

JIM KENNEDY,
                              Appellant

v.

PEI-GENESIS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-00164)
District Judge: Honorable Joshua D. Wolson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 20, 2025

Before: CHAGARES, *Chief Judge*, and BIBAS and FISHER, *Circuit Judges*

(Filed: February 25, 2025)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Jim Kennedy worked as a software developer for Pei-Genesis. His employer required

employees to take a COVID-19 vaccine unless they qualified for a medical or religious

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

exemption. At first, Kennedy said he did not want to because he thought the vaccine was unsafe and ineffective. Several days later, he asked for a religious exemption. When he met with his supervisor and a human-resources manager to discuss it, they found him rude and fired him for insubordination during the meeting.

Kennedy sued Pei-Genesis under Title VII, the Pennsylvania Human Relations Act, and the Americans with Disabilities Act. He claimed religious discrimination, a hostile work environment, failure to accommodate his religious practice, and disability discrimination. The District Court granted summary judgment for Pei-Genesis, ruling that no reasonable jury could find that his opposition to the vaccine was religious.

Kennedy now appeals. He insists that his beliefs are religious, and he also objects to the District Court's allowing discovery into his medical records and denying his request for a protective order. He no longer presses his claim of disability discrimination. We review the District Court's grant of summary judgment de novo and its discovery rulings for abuse of discretion. *Tundo v. County of Passaic*, 923 F.3d 283, 286 (3d Cir. 2019); *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000).

Start with discovery. The District Court's rulings were proper. In denying Kennedy's request for a protective order, it carefully balanced the relevant factors under *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786–92 (3d Cir. 1994). The District Court concluded that discovery into Kennedy's medical records was appropriate for two reasons: (1) the evidence is relevant to whether he in fact holds the anti-medication, anti-vaccine religious beliefs that he now espouses, and (2) Kennedy chose to put those beliefs at issue by bringing this lawsuit. That was not an abuse of discretion.

And as the District Court held, no reasonable jury could find Kennedy's beliefs were sincerely religious. That is fatal not only to his religious-discrimination claim, but also to his hostile-work-environment claim. For both claims, he must show that he "suffered intentional discrimination because of religion." *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir. 2001) (cleaned up). A religious belief must be broader than disconnected moral teachings; it must "lay claim to an ultimate and comprehensive truth." *Africa v. Pennsylvania*, 662 F.2d 1025, 1035 (3d Cir. 1981) (cleaned up). Kennedy claims that his religious belief is: "you got to watch what you put in your temple." App. 108. But when his supervisor first brought up the vaccine, Kennedy did not mention his religion, but only safety. The single reason that the COVID-19 vaccine violates his supposed beliefs is that he thinks this one vaccine is "unsafe" and "dangerous." App. 216–17. When a friend messaged him to "forget religion and all that" and focus on how the vaccine is "untested[,] unproven[,] possibly unsafe," Kennedy responded "I'm with you 100% .… It just seems like common sense." App. 487. Given his belated, inconsistent invocation of religion and his private message to his friend, no reasonable juror could find his isolated moral objection to be part of a "comprehensive truth." *Africa*, 662 F.2d at 1035 (cleaned up); *Fallon v. Mercy Catholic Med. Ctr.*, 877 F.3d 487, 492–93 (3d Cir. 2017) (rejecting similar health concerns about flu vaccine as a medical concern or "isolated moral teaching"). We will thus affirm.