**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2050
_____

LUIS ROSA,

Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:19-cv-01452)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 24, 2025

Before: BIBAS, PHIPPS, and AMBRO, *Circuit Judges*

(Filed: March 31, 2025)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Though an employee may feel he was treated unfairly, he must back up that feeling

with proof. Luis Rosa has not. He used to work for the Pennsylvania Department of

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

Corrections. In October 2017, the Department got an anonymous letter accusing him of failing to show up for work, doing outside business during work hours, verbally abusing staff, and creating a hostile work environment. The Department opened an internal investigation and started interviewing Rosa's colleagues on December 13.

On the same day, the Department required some staff to attend sexual-harassment training. The training was so graphic that it upset many of the staff who sat through it. Roughly a week later, Rosa approached the Secretary of the Department and asked him: "[W]ho approved these vile and disgusting examples[?]" App. 1056. The Secretary responded only that "[he] did." *Id.*

Meanwhile, the investigation continued. In April 2018, the Secretary met with Rosa and asked him about the allegation that he had been "doing [ ] personal business on government time," which was the Secretary's main concern at the time. App. 1202. A week later, the investigators issued their report, summarizing interviews with Rosa's subordinates and confirming the letter's allegations. Two days later, the Secretary acted on the report's recommendation and fired Rosa.

Rosa sued the Department, alleging that he was fired for being Hispanic and for questioning the sexual-harassment training. A magistrate judge recommended granting summary judgment for the Department, and the District Court did so. We review de novo, viewing the facts in the light most favorable to Rosa. *Tundo v. County of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019). And we hold that the District Court got it right.

Rosa has no direct evidence that race or ethnicity influenced any of the decisionmakers, and his circumstantial evidence is flimsy. To show discrimination, Rosa points to three

non-Hispanic white employees who engaged in misconduct and were not fired. But two of them had a different supervisor (Rosa himself), and none was accused of anything like what Rosa did.

Rosa's claim of retaliation also fails. He suggests that the training itself created a hostile work environment, so complaining about that illegal environment was a protected activity. Yet even if Rosa's question about the training counts as a good-faith report of sexual harassment, no reasonable jury could infer that it caused the Secretary to fire him four months later. The investigation was already rolling before Rosa confronted the Secretary. And its damning findings offered a host of legitimate, nonretaliatory reasons to fire Rosa and warn others against hiring him.

Finally, Rosa objects that the magistrate judge's report and recommendation did not explicitly dispose of his retaliation claim against the Pennsylvania Parole Board. But even if he is right, his claims were resolved not by the magistrate judge but by the District Court. *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge may not enter summary judgment without parties' consent). And district courts are not constrained by a magistrate judge's report and recommendation. 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3070.2 (3d ed. 2024). Here, the District Court reviewed the magistrate judge's report and recommendation de novo, held that Rosa had not created a triable retaliation claim against the Parole Board, and granted summary judgment to defendants. That judgment was right.

Because no reasonable jury could find racial or ethnic discrimination or retaliation, we will affirm.