**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1715
_____

ELIZABETH SANCHEZ, Guardian ad Litem; CHARLES SANCHEZ;
E.S., a minor, by and through his Guardian ad Litem,

Appellants

v.

ELIZABETH BOARD OF EDUCATION; JOSEPH TROIANO;
JENNIFER CAMPEL; CRISTINA BRITO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:20-cv-01027)
District Judge: Honorable Evelyn Padin
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 25, 2025

Before: BIBAS, PHIPPS, and AMBRO, *Circuit Judges*

(Filed: April 16, 2025)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

When plaintiffs tell a story that is contradicted by an accurate video, they usually lose. This story starts with E.S., a fifth grader in his school's gym. Joseph Troiano, his music teacher, was setting the gym up for kindergarten graduation and watching the fifth graders who were there. Troiano told the students to sit in the chairs he had set up for the graduation. But E.S. was horsing around. He lay across a girl's lap and then started repeatedly throwing himself to the floor. Another student took his seat, so E.S. started wriggling between students to try to get it back. While Troiano was bringing in a lectern, E.S. was lying between two girls who were tickling him. Seeing this, Troiano told E.S. to "get up." App. 7. He did not. E.S. claims that Troiano grabbed him by the arm and pulled him out of his chair. Then, when E.S. tried to go back to his chair, Troiano put "his fist out by [his] chest" and "kept pushing" harder and harder. App. 7. Later, E.S. said Troiano "punched" him. App. at 8. He says that bruised his arm and hurt his chest. Then an arriving kindergarten teacher pulled E.S. away and told him to leave. The whole incident lasted less than a minute.

E.S. and his parents complained to the school and police, to no avail. E.S. claims that when he returned the next school year, teachers and guards retaliated against him by following him around and glaring at him.

E.S. and his parents sued Troiano, the Board of Education, and the school's principal and vice principal. They brought claims alleging assault and battery, a violation of substantive due process, and retaliation against E.S for his complaints in violation of the First Amendment. The District Court granted summary judgment for defendants on all counts.

2

E.S. and his parents appeal only the claims described here. We review de novo, viewing the facts and drawing inferences in favor of E.S. *Tundo v. County of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019).

Troiano did not violate E.S.'s right to substantive due process. As the District Court noted, a teacher may use reasonable force to maintain order. *Ingraham v. Wright*, 430 U.S. 651, 661 (1977). Still, force that "shocks the conscience" violates the Due Process Clause. *Gottlieb v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 173 (3d Cir. 2001). But that occurs only if a teacher uses (1) excessive force (2) without any pedagogical imperative (3) maliciously and sadistically for the very purpose of causing harm, (4) creating serious injury. *Id.* We have none of that here. Troiano grabbed E.S. by the arm to pull him up and used his body to block E.S. from returning to his chair. Though E.S. claims otherwise, this force hardly shocks the conscience. It was reasonable to address E.S.'s unruly behavior, and no rational trier of fact could find that it was done only to cause harm or that it did create serious injury.

Resisting this conclusion, E.S. insists on his version of the story: that Troiano punched him twice in the chest. But he did not, even when we draw all reasonable inferences in favor of E.S. The video of the gym from the hallway shows the relevant part of the incident, and it belies E.S.'s claim. No one disputes that the video is authentic and accurate. As the District Court rightly found, "no rational trier of fact could conclude that Mr. Troiano punched E.S." App. 18.

For this reason, E.S.'s assault and battery claims fail as well. The common law privileges Troiano's reasonable force. *Ingraham*, 430 U.S. at 661.

3

E.S.'s retaliation claims fare no better. To support them, E.S. alleges that the named defendants both (1) followed him around and watched him, and (2) barred his parents from the school. As the District Court found, the first acts were de minimis. And given E.S.'s repeated disciplinary problems, they were also justified security measures. As for the second claim, we cannot consider it because E.S. forfeited it by raising it too late. Because there is no material question of fact about whether E.S. was punched and because he suffered no actionable retaliation, we will affirm.