NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2228

_____

MIA A. BIRD,
                              Appellant

v.

MASTERY CHARTER SCHOOLS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cv-00747)
Chief District Judge: Honorable Mitchell S. Goldberg

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 29, 2025

Before: KRAUSE, BIBAS, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed: April 30, 2025)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

Mia Bird, a black woman, worked for a company called Nutrition Group that runs caf-

eterias for schools. One of Nutrition Group's clients was Mastery Charter Schools, which

---

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

runs charter schools in and around Philadelphia. Nutrition Group promoted Bird to regional manager and later assigned her to oversee the cafeteria programs at Mastery's ten schools in the area as well as at three non-Mastery schools. A year later, Nutrition Group made her resident regional manager of the Mastery network. As a resident regional manager, Bird was expected to spend 80% of her time on the Mastery schools and to work from an office at one Mastery school, but she was also still responsible for the three non-Mastery schools. That put her in close contact with managers at Mastery.

Bird complained to Mastery that Mastery's managers had acted discriminatorily. She alleged that two had made racially discriminatory remarks to her and others and treated them unequally based on race. And she alleged that a third manager had made a racially discriminatory remark to someone else. When nothing happened to those managers, Bird filed complaints with the Equal Employment Opportunity Commission (EEOC) and the U.S. Department of Agriculture. In response, one of the Mastery managers named in the complaint asked the other two not to speak with Bird without having someone else present.

Four months after Bird's complaint to the EEOC, the president of Nutrition Group's school division took Bird off the Mastery account, reassigning her to other schools. That left her base pay the same but could have affected her bonus, which was tied to the financial performance of the accounts she oversaw. About a month later, Bird filed additional complaints of discrimination and retaliation with the EEOC and Pennsylvania Human Relations Commission. She then injured herself, making her unable to work, and Nutrition Group fired her that day.

Bird sued Mastery under Title VII and the Pennsylvania Human Relations Act, claiming that Mastery had treated employees worse because of their race, color, and sex. Those laws forbid such discrimination only by employers. 42 U.S.C. §2000e-2(a); 43 Pa. Stat. §955. The District Court granted summary judgment for Mastery, finding no genuine dispute that Bird was employed by Nutrition Group, not Mastery, so Bird had no cause of action under either law against Mastery. We review de novo. *Tundo v. County of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019).

As the District Court found, Mastery was not Bird's employer. Nutrition Group is the one that hired her, primarily trained her, paid her, evaluated her performance, and eventually fired her. Though Mastery's contract with Nutrition Group budgeted for her salary, and Mastery once urged that she get a bonus during COVID, it did not issue her paychecks. No one at Mastery ever asked to have Bird on its account, to take Bird off its account, or to have her fired. Her employer was Nutrition Group, not Mastery.

Resisting this conclusion, Bird stresses that Mastery had some day-to-day control over her tasks, showing that there was an employment relationship. *See Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 213 (3d Cir. 2015) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–24 (1992) ("In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished.")). Mastery gave Bird an office at its premises, with keys, an access card, and an email account. It asked her to handle a range of tasks, ranging from training cashiers to attending health-department meetings. She claims that this control over her tasks was the "linchpin" that at least made her a co-

3

employee of both businesses. Appellant's Br. at 15. But "no one factor [is] decisive" in this multifactor analysis. *Faush*, 808 F.3d at 214 (quoting *Darden*, 503 U.S. at 324). As the District Court found, that modicum of control is not enough to outweigh the mound of other evidence that Nutrition Group, not Mastery, employed her. And, unlike in *Faush*, the record does not show that Mastery took responsibility for complying with labor laws as to Bird. *See id.* at 215. For the same reason, Bird's retaliation and other discrimination claims fail.

Because the District Court correctly found no factual dispute, we will affirm.