**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1749
_____

DR. CHARLOTTE BRICKHOUSE,
Appellant

v.

PHILADELPHIA SCHOOL DISTRICT; SONYA BERRY;
DR. MALIKA SAVOY-BROOKS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-04596)
District Judge: Hon. John F. Murphy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 3, 2025

Before: HARDIMAN, BIBAS, and FISHER, *Circuit Judges*

(Filed: June 4, 2025)
_____

OPINION*
_____

---

*  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Though a boss may be nasty, nastiness alone does not violate the law. Dr. Charlotte Brickhouse, a black woman, has worked for the Philadelphia School District for more than two decades. She worked in an office supervised by Dr. Malika Savoy-Brooks and Sonya Berry (both black women) and alongside Tracie-Marie Moody and Heidi Hertzog (both white women). Brickhouse coordinated a special-needs program that ran into problems. To start, she missed almost half the program: She was out sick for two weeks and took almost another week of vacation. And other problems piled up: The program was short on supplies, and children were bussed to the wrong places. Though nobody had told Brickhouse about the supply shortage, and she was not responsible for busing students to the right schools, she was the one in charge of this disorganized program.

During the program, Brickhouse filed an internal complaint that Berry had denigrated her, belittled her ideas, and doubted her illness. In September, Brooks gave Brickhouse a memo expressing disappointment with her work on the program and suggesting areas for improvement. Though Brooks said she had thought about firing Brickhouse, the School District did not put the memo in her personnel file or use it as discipline. Then Brickhouse filed a charge with the EEOC, alleging that Berry and Brooks had created a hostile work environment. She later amended the charge to add a claim that Berry and Brooks had retaliated against her for filing it.

Brickhouse then sued the School District, Brooks, and Berry under Title VII, § 1981, and the Pennsylvania Human Relations Act, alleging a racially hostile work environment and retaliation for her complaints. The District Court granted summary judgment against

2

her, finding no evidence that they had discriminated intentionally or used concerns about her work performance as pretexts to retaliate. We review de novo. *Tundo v. County of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019).

The hostile-work-environment claim fails. As Brickhouse admitted, she has no direct evidence of discrimination. Instead, she alleges that two white comparator employees (Moody and Hertzog) were treated better. Not so. True, her supervisors Brooks and Berry were hard to work for. But the record does not show that Brickhouse had a harder time with them than Moody or Hertzog did. Berry allegedly yelled at, snapped at, and ridiculed Brickhouse. But Berry did much the same to Moody and Hertzog, whom she also supervised. Both Brickhouse and Moody described her management style as "nasty," and Hertzog testified that Berry raised her voice, snapped at her, and talked over her. App. 601. Plus, Moody, like Brickhouse, got written critiques of her work from Berry and had to meet with Brooks and Berry to go over issues with her performance.

If Brickhouse faced more criticism, that could be because she ran the summer program and thus was accountable for its failings. So Brickhouse's poor performance during that program mattered much more than Moody's. The few remaining differences in treatment were minor:

- Berry met less often with Brickhouse one on one than she did with Moody.

- Berry had Brickhouse, but not Moody, inventory supplies in a dirty classroom.

- Berry did not respond to a handful of emails and texts from Brickhouse—out of "several thousand" that the two exchanged over almost two years. App. 132.

- Berry answered calls from other people faster than calls from Brickhouse.

3

- One time, Berry said inconsistent things to Brickhouse and to someone reporting to Brickhouse.

- And Berry excluded Brickhouse from a meeting that Brickhouse thought she should have been invited to.

As the District Court found, no reasonable juror could infer discrimination based on these trivial differences.

Brickhouse retaliation claim equally fails. The gist of her claim is that her managers did not start criticizing her performance until September 2021, after Brickhouse had filed an internal complaint against Berry. But that was also right after the summer program ended, and her supervisors had legitimate, non-retaliatory reasons to critique her poor performance on it. Nothing about those reasons is implausible, inconsistent, or incoherent. Her disagreement with their criticism is not enough to show pretext. We will thus affirm.