**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2774
_____

SCOTT A. MCPARTLAND,
                              Appellant

v.

CHASE MANHATTAN BANK USA NA,
d/b/a Chase Bankcard Services Inc.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:22-cv-00284)
District Judge: Honorable Sylvia H. Rambo (ret.)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 8, 2025

Before: RESTREPO, BIBAS, and CHUNG, *Circuit Judges*

(Filed: July 10, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Scott McPartland had two Chase credit cards, one Disney-branded and the other Marriott-branded. He kept both cards in a mug on a dresser in his bedroom. In late 2020 through early 2021, someone used the Marriott card to make more than fifty charges on two online-gambling websites plus three on a gift-card website. Around the same time, someone used the Disney card to make more than a hundred charges on the same two online-gambling sites. McPartland admitted that the first online-gambling charge was made by his now-wife Tiffany, who must have had an account on that site. But he denied authorizing all the rest and disputed the charges with Chase.

Chase investigated. It found that all three websites had McPartland's home address as the billing address and one of Tiffany's email addresses on file. Many of the online-gambling charges traced back to the same IP address used for the concededly legitimate charge and to access McPartland's Chase account; others traced back to an IP address that was also used to access McPartland's Chase account around that time. Based on those findings, Chase stood by the charges and demanded the cash.

McPartland responded by suing Chase for breaching its credit-card contract and violating the Truth in Lending Act, 15 U.S.C. § 1601 et seq. After discovery, the District Court granted Chase summary judgment. We review de novo. *Tundo v. County of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019).

McPartland's sole argument on appeal is that there is a material dispute of fact about whether he or his wife, rather than a criminal, used his credit card. But to support that dispute, he *must* cite "particular parts of … the record." *Guidotti v. Legal Helpers Debt*

*Resol., L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting Fed. R. Civ. P. 56(c)(1)(A)). He has not. In fact, his brief is thoroughly wanting, running only 10 pages total with (at most) 4 of them containing any legal argument. His "conclusory, self-serving" statements in his brief and letters in the record are not enough. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009). Nor is his "uncorroborated" theory of identity theft. App. 15. As the District Court properly noted, McPartland's home address and Tiffany's email address were associated with the charges, as was McPartland's IP address for many of the charges. Because McPartland has failed to support his argument and all the other evidence supports the District Court's judgment, we will affirm.