**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1847
_____

JIM WANG; DEAN WANG; YU BAI,
Appellants

v.

MASERATI NORTH AMERICA, INC.; JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:23-cv-02402)
District Judge: Hon. Karen M. Williams
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 9, 2026

Before: HARDIMAN, KRAUSE, and MASCOTT, Circuit Judges

(Filed: April 3, 2026)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

New Jersey homeowners Jim and Dean Wang, along with their mother, Yu Bai (collectively, the Wangs), appeal a summary judgment for Maserati North America, Inc. (Maserati) on their strict product liability claims. We will affirm.

I

The Wangs rented their suburban home to Tyrese Maxey, a professional basketball player with the Philadelphia 76ers. While Maxey's family members were enjoying the Christmas Eve holiday, a serious fire broke out and significantly damaged the home. The expert witness hired by the Wangs, Nicholas Palumbo, opined that the fire originated in the engine compartment of a vehicle manufactured by Maserati and stored in the home's integral garage. The vehicle was destroyed.[1]

The vehicle was first sold by a Maserati dealer in August 2018 in Louisville, Kentucky. Nearly two years later, Maxey purchased it from an auto shop in Dallas, Texas. And in 2021, it was transported to his home in New Jersey. Maxey drove the vehicle infrequently, though it had received maintenance work at least three times since its first sale.

Palumbo concluded that "it [was] more likely than not" that the fire originated in the vehicle's "engine compartment." App. 348. A retired fire investigator, Palumbo had

---

[1] Multiple experts, including local fire authorities and private experts hired by Maserati and non-party insurance companies, examined the vehicle and the residence. But none concluded that the vehicle was the cause of the fire. All experts who opined on the cause of the fire either classified it as "undetermined" or affirmatively ruled out the vehicle as the cause.

experience determining the *origin* of fires, but he conceded he was not an expert in determining the *cause* of fires, particularly those involving vehicles. And he confirmed in his deposition that he had no opinion on the cause of this fire.

## II[2]

Under New Jersey's products liability law, plaintiffs must prove that a defect: (1) existed; (2) when the product left the defendant's control; and (3) caused the injury to a reasonably foreseeable user. *See Jurado v. W. Gear Works*, 619 A.2d 1312, 1317 (N.J. 1993); *Myrlak v. Port Auth. of N.Y. & N.J.*, 723 A.2d 45, 52 (N.J. 1999); *see also* N.J. Stat. Ann. § 2A:58C-2. To prove that the Maserati had either a design or manufacturing defect, the Wangs could have relied on direct or circumstantial evidence, or they could have "negate[d]" all other "likely causes of [product] failure." *Myrlak*, 723 A.2d at 53.

The Wangs offered no expert testimony to prove any element of their claims. As they acknowledge, Palumbo was not qualified to opine on either vehicle engines or the causes of fires, nor did he opine on what caused the fire. They rely only on Palumbo's opinion on the fire's origin. But that is not sufficient.

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. Our review of a summary judgment is de novo. *Tundo v. Cnty of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019). But we "generally review[] evidentiary decisions for abuse of discretion." *Great Am. Ins. Co. v. Norwin Sch. Dist.*, 544 F.3d 229, 251 (3d Cir. 2008).

The Wangs also challenge the District Court's order as it relates to the exclusion of Palumbo's testimony to prove causation. Because Palumbo admitted he had no opinion on the cause of the fire and was not an expert on that matter, the District Court rightly excluded this testimony as evidence on causation. *See Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003); Fed. R. Evid. 702.

We conclude, as the District Court did, that the Wangs needed expert testimony about the cause of the fire to succeed on their claims. Though the District Court reached this conclusion in a thorough opinion, we depart from its analysis insofar as it held that expert testimony is required every time the product is a "complex instrumentality," like a car. *Wang v. Maserati N. Am., Inc.*, 2025 WL 957762, at *8 (D.N.J. Mar. 31, 2025). The New Jersey Supreme Court has long rejected that categorical approach. *See Jerista v. Murray*, 883 A.2d 350, 364 (N.J. 2005) ("We reject any reading of [our precedent] that imposes a categorical expert testimony requirement when a complex instrumentality within the exclusive control of the defendant causes an injury."). But New Jersey law *does* require expert testimony in products liability cases where "the average juror" cannot "deduce what happened without resort to . . . technical knowledge." *Jerista*, 883 A.2d at 365. Under such circumstances, like those presented here, the Wangs needed to provide expert testimony about the fire's cause or the mechanics of the vehicle's engine that could result in spontaneous combustion.

In *Jerista*, the Supreme Court of New Jersey held that expert testimony was not needed where automatic doors, within the exclusive control of the defendant supermarket, closed on a customer. *Id.* at 363. No one disputed that the automatic doors caused the injury, and the court concluded that a jury could use ordinary knowledge to infer that "automatic doors . . . should not generally close on customers causing injury." *Id.* at 354. The Wangs ask us to take this inferential leap several steps further to conclude that a vehicle, long out of the manufacturer's control, was both *defective* when it was sold and that a latent defect *caused* this fire simply because one expert says the fire *originated*

4

in the vehicle. New Jersey law does not allow this series of attenuated inferences. *See Zaza v. Marquess & Nell, Inc.*, 675 A.2d 620, 627 (N.J. 1996) ("An inference of defectiveness may not be drawn from the mere fact that someone was injured."); *Scanlon v. Gen. Motors Corp., Chevrolet Motor Div.*, 326 A.2d 673, 681–82 (N.J. 1974) (not allowing an inference that the "defect existed in the hands of the manufacturer" when a vehicle owned for nine months "malfunctioned violently" while being operated by the plaintiff).

As we have explained, the Wangs did not offer evidence to show that the vehicle failed at all. But even if we assume that the fire was caused by the vehicle—a leap unsupported by expert testimony—the Wangs failed to negate other potential causes of the vehicle's failure. They admit that the vehicle was used, purchased over three years before the fire, and had received maintenance that included "an emissions recall action" and a repair of "the tire pressure monitoring system and the instrument cluster." Wangs Br. 24 (citing App. 279–80). Without more, the Wangs cannot prove that there was a defect, that it existed at the time the product left Maserati's control, or that it caused the fire.[3]

\* \* \*

For the stated reasons, we will affirm the District Court's order.

---

[3] The Wangs' negligence claim also fails. As we have recognized, "negligence is no longer viable as a separate claim for harm caused by a defective product" under New Jersey Law. *Port Auth. of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d 305, 313 (3d Cir. 1999); *see Tirrell v. Navistar Intern., Inc.*, 591 A.2d 643, 647 (N.J. Super. Ct. App. Div. 1991). And though the Wangs originally sought to recover under a failure to warn theory, they conceded that claim at summary judgment, so we do not reach it.